**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-30190
Summary Calendar

MATT J. SANDERS, ET AL.,

Plaintiffs-Appellants,

VERSUS

CUDD PRESSURE CONTROL, INC., ET AL.,

Defendants,

CUDD PRESSURE CONTROL, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-1023)

October 20, 1997

Before BENAVIDES, JOLLY and PARKER, Circuit Judges.

Per Curiam:[*]

Matt J. Sanders and his wife Rhonda H. Sanders, individually and on behalf of their minor daughter Macie Michelle Sanders, sued Cudd Pressure Control, Incorporated pursuant to the Longshore and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §905(b), and general maritime law, seeking damages for injuries sustained by Matt J. Sanders aboard the M/V INCA. Plaintiffs, Rhonda H. Sanders and Macie Sanders, also sought damages for loss of consortium.

Sanders disputes the district court's findings of fact and conclusions of law. On appeal, the district court's findings of fact must be accepted unless they are clearly erroneous. *Turner v. Costa Line Cargo Services, Inc.,* 744 F.2d 505, 507 (5th Cir. 1984). The Court of Appeals reviews the district court's conclusions of law de novo. *Tamez v. City of San Marcos, Texas*, 118 F.3d 1085, 1094 (5th Cir. 1997).

During the trial, the district court granted the defendant's motion for judgment as a matter of law as to Rhonda H. Sanders' claims after the plaintiffs' attorney voluntarily abandoned the claims. The judgment issued by the district court did not name Rhonda H. Sanders. Consequently, Rhonda H. Sanders cannot appeal from the judgment of the district court. The Court of Appeals will not consider matters on appeal that were not presented to the district court. *See Blanchard v. Forrest,* 71 F.3d 1163, 1169 (5th Cir. 1996). Because Rhonda H. Sanders' claims were not presented to the district court, the Court of Appeals has no jurisdiction to consider her claims as an appeal from a final judgement. *See* 28 U.S.C. § 1291.

The trial continued as to the remaining claims of Matt J.

Sanders. After the bench trial, the district court made the following findings of fact: On December 31, 1994, the M/V INCA, owned by defendant-appellee Cudd Pressure Control ("Cudd"), docked at the Broussard Brothers dock to be refueled and have a tubing reel replaced. After refueling, Kevin Broussard, the crane operator at Broussard Brothers, boarded the M/V INCA to receive instructions as to the loading and unloading of a tubing reel aboard the vessel. Broussard noticed that the deck of the M/V INCA was slippery, but concluded that the condition was not unusual and that the operation could be conducted safely. The plaintiff-appellant, Matt J. Sanders, was employed as a roustabout by Broussard Brothers. Broussard instructed Sanders to assist in the loading operation. Prior to Sanders boarding the M/V INCA to assist with the loading operation, Kevin Broussard warned Sanders of the slippery condition of the deck. Although two Cudd employees observed the loading operation and helped guide the tubing reel into position, the loading operation was conducted by Broussard Brothers employees. The two Cudd employees were not actively involved in the loading and unloading operation. After successfully completing the loading operation, Sanders' foot slipped out from under him as he stepped over a jackup pump and he fell, injuring his back and neck. The slippery condition of the deck was open and obvious and the condition was not unreasonably dangerous. Cudd had no duty to intervene in the loading operation being conducted by Broussard Brothers. Thus, the district court

3

found that Cudd had not breached any duty and was not liable for the injuries sustained by Sanders.

To prevail on a LHWCA claim, a longshoreman must prove by a preponderance of the evidence that: (1) the vessel owner failed to warn of hidden defects of which the owner knew or should have known upon turning the vessel over to the stevedore; (2) the vessel owner failed to protect the longshoreman from a hazardous condition in an area under the active control of the owner; or (3) the vessel owner failed to intervene in the stevedoring operations when the owner had actual knowledge both of a hazard and that the stevedore, in the exercise of obviously improvident judgment, means to work on in the face of the hazard and therefore cannot be relied upon to remedy it. *See Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 176 (1981); *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1245 (5th Cir. 1997).

Sanders argues that Cudd breached its duty to turn over a safe vessel because of the slippery condition of the deck. The duty to turn over a safe vessel obligates the vessel owner to warn the stevedore of any hidden dangers, of which the vessel owner knows or should know, and to remedy any unreasonably dangerous conditions. *See Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1246 (5th Cir. 1997). In general, the defendant has not breached its duty to turn over a safe vessel if the defect causing the injury to the longshoreman is open and obvious and one that the longshoreman

4

should have seen. *See Pimental v. LTD Canadian Pacific Bul*, 965 F.2d 13, 15 (5th Cir. 1992). If the longshoreman knew of the defect, then it is open and obvious. *See Greenwood*, 111 F.3d at 1246. A vessel owner, however, may still be liable for injuries caused by an open and obvious defect if the longshoreman's only alternatives to avoiding the hazard are unduly impracticable or time consuming. *See Treadaway v. Societe Anonyme Louis-Drefus*, 894 F.2d 161, 167 (5th Cir. 1990). Therefore, if Sanders had no alternative but to confront a dangerous condition, then Cudd could be held liable.

Sanders contends that the district court erred by concluding that Cudd was not liable due to the open and obvious nature of the dangerous condition. The district court, however, did not absolve the defendant of liability because the slippery deck was open and obvious. Although the district court found that the condition of the deck was open and obvious, it also found that the deck was not unreasonably dangerous based on the testimony of Kevin Broussard, who testified that the condition of the deck was not unusual. Therefore, as the court concluded, Cudd did not breach its duty to turn over a reasonably safe work environment because the slippery condition of the deck was not unreasonably unsafe.

Additionally, the plaintiff argues that the injury occurred while the defendant was in active control of the cargo operations. A vessel owner may be liable for a longshoreman's injuries when the

vessel is actively involved in cargo operations, or if the vessel fails to exercise due care to avoid exposing the longshoreman to hazards in areas under the active control of the vessel during the stevedoring operation. *Scindia*, 451 U.S. at 167. The district court found that Cudd employees were not actively involved in the cargo operation.

We have reviewed the record and the briefs on appeal and conclude that no clear error occurred. Furthermore, we conclude that the correct legal standard was applied by the district court. Accordingly, the judgment of the district court is

AFFIRMED.